19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hasnah Bt. HUSSEIN, also known as Christen Cimeriis, also
known as Christina Hasnah, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3921.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner seeks review of the order of the Board of Immigration Appeals (the "Board") dismissing as untimely her appeal of an order of deportation of the immigration judge. The Immigration and Naturalization Service, with the agreement of petitioner, now moves to remand the case to the Board for consideration of the appeal on the merits.
 
 
 2
 A notice of appeal to the Board of a decision of an immigration judge is to be filed "within ten (10) calendar days after service of the decision. Time will be 13 days if mailed." 8 C.F.R. Sec. 3.38(b) (in 1990, at the time petitioner's notice of appeal was filed, the identical regulation was found at 8 C.F.R. Sec. 3.36(b)). The filing period for a notice of appeal has been held to be mandatory and jurisdictional. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). In this case, the immigration judge's decision was rendered orally on May 21, 1990, and petitioner's notice of appeal was filed on June 1, 1990. The instructions on the notice of appeal form used by petitioner, Form EOIR-26, provide in part that the
 
 
 3
 notice of appeal ... must be filed with the Office of Immigration Judge having administrative control over the Record of Proceeding within 10 calendar days (or 13 calendar days if mailed ) after service of the decision of the Immigration Judge.
 
 
 4
 The Board, in dismissing petitioner's appeal as untimely, concluded that because the decision of the immigration judge was rendered orally on May 21, 1990, her notice of appeal was required to be filed by May 31, 1990. We note, however, an ambiguity in the regulation and in Form EOIR-26 with respect to whether a notice of appeal that is mailed to the Office of Immigration Judge must be filed within ten days or within thirteen days of the decision of the immigration judge. See Vlaicu v. INS, 988 F.2d 758, 759 n. 1 (9th Cir.1993) (per curiam). In light of this ambiguity and the fact that the Immigration and Naturalization Service no longer contests the jurisdiction of the Board to consider petitioner's appeal, we conclude that the motion to remand should be granted.
 
 
 5
 It therefore is ORDERED that the motion to remand is granted and this action is remanded to the Board with instructions to consider petitioner's appeal on the merits.