52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Toma SINISTAJ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-3878.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 1
 Before: MERRITT, Chief Judge; SILER, Circuit Judge, and EDMUNDS, District Judge.*
 
 
 2
 Toma Sinistaj seeks judicial review of an order by the Board of Immigration Appeals that dismissed his administrative appeal. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Sinistaj is a native and citizen of Yugoslavia who entered this country in 1985. In 1989, the INS charged him with deportability as an alien who had entered the United States without inspection. See 8 U.S.C. Sec. 1251(a)(2). Sinistaj conceded deportability but filed an application for asylum and withholding of deportation. An Immigration Judge ("IJ") rendered an oral decision denying Sinistaj's application on April 24, 1990. On August 1, 1994, the Board of Immigration Appeals ("BIA") entered an order dismissing his administrative appeal because it was not filed within ten days. Sinistaj now petitions this court for judicial review of the BIA's order.
 
 
 4
 The time for filing an administrative appeal with the BIA is prescribed in 8 C.F.R. Sec. 3.38(b), which provides as follows:
 
 
 5
 The notice of appeal of the decision shall be filed with the Office of the Immigration Judge having administrative control over the Record of Proceeding within ten (10) calendar days after service of the decision. Time will be 13 days if mailed. If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day.
 
 
 6
 The IJ rendered an oral decision in the present case, on April 24, 1990. Sinistaj mailed his notice of appeal regarding this decision on May 2, 1990, and it was received by the INS on May 7, 1990. Thus, the notice of appeal was mailed within 10 days of the IJ's oral decision, and received by the INS within 13 days. The INS did not argue that Sinistaj's notice of appeal was untimely when it filed its administrative brief in February of 1991. Nevertheless, in August of 1994, the BIA dismissed the appeal sua sponte because it was not filed within the time required by 8 C.F.R. Secs. 3.38 and 242.21.
 
 
 7
 We conduct a de novo review of the Board's decision to dismiss Sinistaj's appeal as untimely filed. See Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). A de novo examination of the record indicates that a remand is necessary here because there are unique circumstances that justify the belated filing of his administrative appeal. See Vlaicu v. United States INS, 998 F.2d 758, 760 (9th Cir.1993) (per curiam). In this regard, we note that a dissenting member of the Board would have reached the merits of Sinistaj's case because the INS had not raised any issue regarding the timeliness of the appeal and because the appeal was apparently mailed in what would have been sufficient time for its timely receipt. At least one court has held that the requirements for filing an administrative appeal with the BIA may violate an alien's right to due process. See Gonzalez-Julio v. INS, 34 F.3d 820, 823 (9th Cir.1994). That court found that aliens following the established procedures for filing an administrative appeal ran a substantial risk that their appeals would not be timely filed. Id. In addition, we note that section 3.38 is ambiguous insofar as it indicates that the ten-day period for filing a notice of appeal may be extended by three days. It is not clear whether this extension applies when the IJ mails his decision to the parties or when the parties mail a notice of appeal to the BIA. See Vlaicu, 998 F.2d at 759 n. 1. In Atiqullah v. INS, 39 F.3d 896, 898 (8th Cir.1994) (per curiam), the court reasoned that the ambiguous language in this regulation presented a unique circumstance that excused the petitioner's late notice of appeal. Our own court applied similar reasoning in remanding a case to the BIA for consideration on the merits. See Hussein v. INS, 19 F.3d 1433, 1984 WL 105885 (6th Cir. Mar. 28, 1994) (unpublished order). Therefore, we find the notice of appeal was timely filed in this case.
 
 
 8
 Accordingly, this case is remanded to the BIA for consideration on the merits.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation