RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0098P (6th Cir.)
File Name: 01a0098p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

BAHRAM ANSSARI-
GHARACHEDAGHY, et al.,

          *Petitioners,*

          *v.*

IMMIGRATION AND
NATURALIZATION SERVICE,

          *Respondent.*

No. 99-3615

On Petition for Review of an Order of the Board
of Immigration Appeals.
Nos. A76 679 755, 756, 757, 758.

Argued: September 13, 2000

Decided and Filed: November 6, 2000[*]

Before: NORRIS and DAUGHTREY, Circuit Judges;
WISEMAN, District Judge.[**]

_____

[*] This decision was originally issued as an "unpublished decision" filed on November 6, 2000. On March 27, 2001, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

1

---

**COUNSEL**

**ARGUED:** Behzad Ghassemi, LAW OFFICE OF BEHZAD GHASSEMI, Lansing, Michigan, for Petitioners. Norah Ascoli Schwarz, UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION LITIGATION, CIVIL DIVISION, Washington, D.C., for Respondent. **ON BRIEF:** Behzad Ghassemi, LAW OFFICE OF BEHZAD GHASSEMI, Lansing, Michigan, for Petitioners. Norah Ascoli Schwarz, Francesco Isgro, UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION LITIGATION, CIVIL DIVISION, Washington, D.C., for Respondent.

---

**OPINION**

---

MARTHA CRAIG DAUGHTREY, Circuit Judge. This appeal arises from petitions filed with the INS by Bahram Anssari-Gharachedaghy and his family, seeking political asylum. An immigration judge denied the petitions, and Anssari-Gharachedaghy appealed this decision to the Board of Immigration Appeals. The Board dismissed the appeal as untimely, and Anssari-Gharachedaghy now petitions this court for review of both the order of the immigration judge and the Board's dismissal of his appeal from that order. Because we cannot say that the Board abused its discretion in adhering to its own rules of procedure and dismissing the appeal as untimely, we must deny the petition to review.

Bahram Anssari-Gharachedaghy is a native and citizen of Iran. In 1985 Anssari-Gharachedaghy, his wife, and their two children left Iran and were granted political asylum in Germany. The family entered the United States on six-month temporary visas in August 1995 and over-stayed without attempting to renew these visas. Upon returning to Germany, they were informed by authorities that the German

The potential delays of regular mail service are commonly known. Talamantes-Penalver could have filed her notice of appeal by using United States Postal Service Express Mail or any number of commercial services that guarantee overnight delivery . . . . Talamantes-Panalver assumed the risk of regular mail delivery; the method by which a notice of appeal is sent is entirely within the control of the appellant.

Even if Postal Service employees could be said to have misled Anssari-Gharachedaghy's counsel, this conduct cannot be imputed to the INS.

The petition for review is DENIED.

government had terminated their refugee status and that they would not be allowed to extend their German visas. The family then applied for asylum in the United States in September 1997, but the INS denied this application and ordered the family removed from the country.

Anssari-Gharachedaghy and his family challenged the denial of their asylum applications and placement in removal proceedings. On October 13, 1998, an immigration judge granted the family's petitions for withholding from removal status, but denied their applications for asylum. The immigration judge's order stated that appeals from the orders were to be filed with the Board of Immigration Appeals by November 12, 1998. Counsel for the family mailed their notice of appeal by certified mail to the Board on November 9, 1998, but the notice and attached exhibits were not received by the Board until November 13. As a result, the Board ordered the family's appeal dismissed on April 27, 1999, for lack of jurisdiction because it was untimely filed. Anssari-Gharachedaghy and his family filed a motion to reconsider this decision with the Board, which was denied on May 24, 2000. They have filed a petition for review of the Board's April 1999 order in this court.

Before this court, Anssari-Gharachedaghy seeks review of the immigration judge's orders denying his family asylum in the United States, and his brief on appeal attacks the substantive basis for the judge's decision. As the INS correctly points out, however, only the Board's dismissal of Anssari-Gharachedaghy's appeal of the immigration judge's decision may be reviewed by this court.

The parties also dispute which standard this court should use in reviewing the INS orders. Anssari-Gharachedaghy would have the court determine whether substantial evidence supports the immigration judge's decision denying asylum to his family, a standard that he claims includes de novo review of the judge's legal determinations. The INS cites *INS v. Aguirre-Aguirre*, 526 U.S. 415 (1999), for the proposition that this court owes "special deference" to the Board's decision

determining whether Anssari-Gharachedaghy's appeal was untimely and whether it possessed jurisdiction to otherwise entertain the appeal. *See id.* at 425 (stating that "[t]he Attorney General, while retaining ultimate authority, has vested the [Board] with power to exercise the 'discretion and authority conferred upon the Attorney General by law' in the course of 'considering and determining cases before it'" and that "[b]ased on this allocation of authority, we recognize[] that the BIA should be accorded *Chevron* deference").

In cases decided before the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. 104-208, 110 Stat. 3009 (codified in scattered sections of 8 and 18 U.S.C.), we normally reviewed the Board's dismissals for untimeliness de novo. *See Sinistaj v. INS*, No. 94-3878, 1995 WL 234619 at *1 (6th Cir. Apr. 19, 1995) (per curiam); *Hussein v. INS*, No. 94-3921, 1994 WL 105885 at *1 (6th Cir. Mar. 28, 1994) (per curiam). Nevertheless, Congress's passage of IIRIRA appears to make Board decisions regarding appeals of INS orders highly discretionary; given the current statutory language, review for abuse of discretion may be most appropriate. *See, e.g.*, 8 U.S.C.A. § 1252(b)(4)(D) (1999) ("[T]he Attorney General's discretionary judgment whether to grant [asylum] shall be conclusive unless manifestly contrary to the law and an abuse of discretion."); *see also Czyz v. INS*, No. 98-2796, 1999 WL 11503 (7th Cir. Jan. 4, 1999) (reviewing Board's dismissal of appeal for untimeliness for abuse of discretion).

We conclude that identification of the correct standard of review is actually unnecessary in this case because, even under a de novo standard, Anssari-Gharachedaghy's petition must fail. INS regulations state that, in order to appeal the decision of an immigration judge, a petitioner must file a notice of appeal "directly with the Board of Immigration Appeals within 30 calendar days after the stating of [the judge's] decision." 8 C.F.R. § 3.38(b). The date of filing the notice of appeal is the date the Board receives the Notice. *See* § 3.38(c). The Board may summarily dismiss untimely appeals. *See* § 3.1(d)(2)(F).

In this case, the immigration judge announced his decision on October 13, 1998. Under the 30-day rule, Anssari-Gharachedaghy's notice of appeal should have reached the INS clerk's office on or before November 12, 1998. However, the Board did not receive the notice until November 13, 1998. The Board takes the position that it may not assert jurisdiction to hear untimely appeals, *see Matter of Escobar*, Interim Decision 2944, 1983 WL 183250 (BIA 1983), and, more recently, that it may not ignore the express filing deadlines contained in the INS regulations even where the perceived equities of a particular case may counsel relaxation of the deadlines. *See In re J-J-*, Interim Decision 3323, 1997 WL 434418 (BIA 1997). The various courts of appeals have recognized that the filing period for a notice of appeal is generally "mandatory and jurisdictional." *Hussein*, 1994 WL 105885 at *1; *see also Czyz*, 1999 WL 11503 at *1; *Atiqullah v. INS*, 39 F.3d 896, 898 (8th Cir. 1994); *Vlaicu v. INS*, 998 F.2d 758, 759 (9th Cir. 1993). Given this precedent, it would appear that the Board's decision refusing to assert jurisdiction in this case must be upheld and, therefore, that Anssari-Gharachedaghy's petition should be denied.

It is true that some courts, including the Sixth Circuit, have recognized that the Board may have jurisdiction to hear an otherwise untimely appeal if a party has been "misled by the words or conduct of the court," *Vlaicu*, 998 F.2d at 760, or if other "extraordinary or unique circumstances" interfered with timely filing. *Czyz*, 1999 WL 11503 at *1; *see Sinistaj*, 1995 WL 234619 at *1; *Hussein*, 1994 WL 105885 at *1. In an affidavit supporting Anssari-Gharachedaghy's motion to reconsider the Board's dismissal of his appeal, his counsel states that United States Postal Service employees led him to believe that mailing the notice of appeal to the Board via certified mail would ensure timely receipt of the notice. But, neither the Postal Service's provision of incorrect information nor its failure to deliver the notice on time constitutes an extraordinary circumstance that would justify intervention by this court into the Board's exercise of discretion. *See Talamantes-Penalver v. INS*, 51 F.3d 133, 136 (8th Cir. 1995), in which the court said: