RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0356p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

REHBY YOUSSIF ABDEL MALAK,

*Petitioner,*

*v.*

No. 04-3434

ALBERTO GONZALES, Attorney General,

*Respondent.*

---

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A74 711 265.

Argued: July 28, 2005

Decided and Filed: August 19, 2005

Before: SILER and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.[*]

---

## COUNSEL

**ARGUED:** Saher J. Macarius, LAW OFFICES OF SAHER J. MACARIUS, Framingham, Massachusetts, for Petitioner. Margot L. Nadel, U.S. DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent. **ON BRIEF:** Saher J. Macarius, LAW OFFICES OF SAHER J. MACARIUS, Framingham, Massachusetts, for Petitioner. Margot L. Nadel, Anthony W. Norwood, U.S. DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

---

## OPINION

---

SILER, Circuit Judge. Rehby Youssif Abdel Malak, an Egyptian citizen and native, seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing as untimely his BIA appeal. For the reasons discussed hereafter, Malak's petition is DENIED.

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

1

BACKGROUND

Malak entered the United States as a visitor in October 1998. The following year, after exceeding his authorized stay, he was placed in removal proceedings. Malak alleged that he was persecuted in Egypt because of his Christian faith, and he sought relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). On September 15, 2000, the Immigration Judge ("IJ") determined that Malak had failed to meet his burden to establish religious persecution.

Malak's notice of appeal was required to be filed on or before Monday, October 16, 2000. *See* 8 C.F.R. § 1003.38. On Thursday, October 12, 2000, Malek's attorney mailed the notice to the BIA by U.S. Express Mail and sent a copy to the INS District Counsel by first class mail. The notice was to be delivered to the BIA before noon on Friday, October 13, 2000, to meet the Monday filing deadline. The BIA did not receive this notice, however. Malak did not realize that the notice had not been delivered until June 2002, when his attorney called the BIA to inquire about the status of the appeal.

In July 2002, Malak submitted a copy of the appeal documents that were mailed in October 2000, an October 2000 mail receipt, a letter from the U.S. Postal Service ("USPS") that confirmed the mail receipt was valid, and a motion to accept the appeal by certification or to deem the notice timely filed.

The BIA dismissed Malak's appeal as untimely, but it did not respond to Malak's request that it take jurisdiction of his appeal by certification. In its decision, the BIA observed that Malak's notice of appeal was filed approximately 21 months after the deadline. Although it acknowledged that Malak submitted evidence that he had mailed the notice on October 12, 2000, for delivery on October 13, 2000, the BIA emphasized that Malak had failed to provide "an explanation for his excessive delay in notifying [the BIA] of [its] failure to receive his Notice of Appeal." The BIA noted that Malak's failure to receive a receipt should have made him aware that the BIA had not received his notice, and the almost two-year delay was "simply too long."

ANALYSIS

This court has not identified the standard under which the BIA's dismissal of an untimely appeal should be reviewed. In *Anssari-Gharachedagly v. INS*, 246 F.3d 512, 514 (6th Cir. 2000), we observed that "review for abuse of discretion may be most appropriate," although we concluded that identification of the correct standard was unnecessary in that case because the petition would fail even under a *de novo* standard. Similarly, under either abuse of discretion or *de novo* review, we would deny Malak's petition.

Malak argues that he complied with regulatory filing requirements by mailing the notice of appeal. A notice is not considered to be filed until it is *received* by the BIA, however. *See* 8 C.F.R. § 1003.38(c). The BIA may consider an untimely appeal if, for example, "extraordinary or unique circumstances interfered with timely filing." *Assari-Gharachedaghy*, 512 F.3d at 515 (quotation omitted). As this court has observed, however, "neither the Postal Service's provision of incorrect information nor its failure to deliver the notice on time constitutes an extraordinary circumstance that would justify intervention by this court into the Board's exercise of discretion." *Id.* The BIA's Practice Manual also emphasizes that "[p]ostal or delivery delays do not affect existing deadlines," and parties should anticipate any delay, "whether the filing is made through first class mail, priority mail, or any overnight or other guaranteed delivery service." BIA Practice Manual, Chapter 3.1(b)(iv).

Furthermore, the BIA routinely issues receipts for notices of appeal. The BIA Practice Manual provides that a party may call the BIA for information regarding an appeal if he or she has

not receive a filing receipt within fifteen days.  BIA Practice Manual, Chapter 3.1(d)(i).  Malak acknowledged that he did not receive a filing receipt, yet he did not call the BIA to verify that his notice had been filed until nearly two years later.

While Malak contends that the BIA is imposing an additional duty upon him by requiring that he ensure the notice be received by the BIA, he fails to acknowledge that regulations provide that a notice is filed only when the BIA receives it.  The BIA's adherence to that rule does not impose a new obligation upon Malak.  It was not erroneous for the BIA to summarily dismiss Malak's appeal as untimely.

Malak's petition for review is DENIED.