*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0059p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOSE GREGORIO VASQUEZ SALAZAR; YEING
YERLANG HERNANDEZ VASQUEZ; KATIUSKA
ANDREINA VASQUEZ HERNANDEZ; TIBISAY
MARGARITA HERNANDEZ DE VASQUEZ; ANTONIE
YUSBERTH VASQUEZ HERNANDEZ; JOSE GREGORIO
VASQUEZ HERNANDEZ,

> No. 07-3051

                    *Petitioners,*

     *v.*

MICHAEL B. MUKASEY, Attorney General of the
United States,

                    *Respondent.*

On Petition for Review from a Final Order
of the Board of Immigration Appeals.
Nos. A98 299 623; A98 299 624; A98 299 659; A98 299 668;
A98 299 669; A98 299 670; A90 946 933.

Submitted: January 4, 2008

Decided and Filed: January 31, 2008

Before: KENNEDY, MARTIN, and COLE, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Jamie B. Naini, LAW OFFICES OF JAMIE B. NAINI, Bartlett, Tennessee, for Petitioners. John G. Amaya, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

---

PER CURIAM. Jose Gregorio Vasquez Salazar, a native and citizen of Venezuela, petitions for review of a Board of Immigration Appeals ("Board") order that denied his motion for reconsideration of a previous order, issued October 2, 2006, dismissing his appeal as untimely. The Board's October 2006 order affirmed an Immigration Judge's decision that denied his application

1

for asylum and withholding of deportation.  The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).

Salazar initially entered the Untied States in 1999 as a temporary visitor authorized to stay until December 11, 1999, but he and his family members, the other five petitioners named in this case, relocated to Nashville, Tennessee, where they established residence until May 31, 2002. Salazar then sought and was denied refugee status in Canada.  Salazar reentered the United States on or about June 30, 2005, at Champlain, New York, after being returned to the United States by Canadian Immigration.  The United States government commenced removal proceedings and, in January 2006, Salazar filed an application for asylum and withholding of removal based on his political opinion and membership in a particular social group.

After his application was administratively denied, an Immigration Judge ("IJ") conducted a full hearing on July 18, 2006, at the conclusion of which the IJ issued a decision denying asylum and removal.  On August 15, 2006, Salazar's counsel mailed a notice of appeal to the Board via Federal Express overnight delivery, which should have arrived on August 16, 2006.  For unknown reasons, Salazar's package remained at the local Federal Express facility in Tennessee for five days and was not delivered to the Board until August 23, 2006.  On October 2, 2006, the Board dismissed the appeal for lack of jurisdiction because it was untimely, noting that the notice of appeal should have been received by August 17, 2006, but was not received until August 23, 2006.

Salazar then filed a motion for reconsideration, submitting the Federal Express airbill and tracking information showing the unexplained delay by the delivery service.  The Board denied the motion, noting that it did not observe the mailbox rule and stating that it "does not have the authority to extend the time in which to file a Notice of Appeal" under 8 C.F.R. § 1003.38(b).

Salazar filed a timely petition for review, asserting that: (1) the Board erred in finding that it did not have the authority to extend the time in which an alien must file his notice of appeal; and (2) his late filing should be excused by the fact that the overnight delivery service did not deliver the appeal overnight as guaranteed.  The government responds that the Board properly exercised its "wide discretion" in denying Salazar's motion for reconsideration and that Salazar failed to establish any error on the part of the Board.

We remand this case for further proceedings because the Board abused its discretion by denying its authority to consider whether the circumstances presented by Salazar were "extraordinary or unique" as a basis for extending the deadline for Salazar's notice of appeal.

A decision to grant or deny a motion to reopen or reconsider is "within the discretion of the Board."  8 C.F.R. § 1003.2(a).  Therefore, we review the Board's decision to deny a motion for reconsideration for an abuse of discretion.  *See Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003).  The Board abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law." *Id.* at 532; *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007).  To date, this Court has not identified the standard of review for reviewing a dismissal based on an untimely appeal to the Board, but has stated that "review for abuse of discretion may be the most appropriate."  *See Anssari-Gharachedaghy v. INS*, 246 F.3d 512, 514 (6th Cir. 2000); *Malak v. Gonzales*, 419 F.3d 533, 534 (6th Cir. 2005).

A notice of appeal from an IJ's decision is not considered filed until it is received by the Board and the "mailbox rule" does not apply to Board proceedings.  *See* 8 C.F.R. § 1003.38(c). However, the Board may consider an untimely appeal if "extraordinary and unique circumstances" interfered with timely filing.  *See Anssari-Gharachedaghy*, 246 F.3d at 515.  Other circuits have also recognized the Board's authority to consider extraordinary and unique circumstances as a basis for

extending the deadline for filing a notice of appeal.  *See Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 108 (2d Cir. 2005); *Oh v. Gonzales*, 406 F.3d 611, 612-13 (9th Cir. 2005).

    In a recent unpublished opinion, this Court recognized that one way a petitioner might ensure timely filing is to use an overnight service that is specifically recommended in the Board's Practice Manual, such as Federal Express, and that failure to achieve timely filing after use of such a service "may well, indeed, fall within the realm of the 'extraordinary' if not the 'unique.'"  *See Siby v. Gonzales*, 230 F. App'x 538, 541 (6th Cir. 2007) (quoting *Zhong Guang Sun*, 421 F.3d at 111).  In *Siby*, this Court ultimately found that the case before them did not present the "'extraordinary circumstances' necessary to overcome the Board's strict deadlines."  *Id.*  However, in reaching that decision, the Court noted that the delay between the petitioner's mailing and the Board's receipt was twenty-one months and "more importantly, neither [petitioner] nor his counsel made any effort to contact Federal Express or the Board to ascertain the status of the appeal during those twenty-one months."  *Id.*; *see also Malak*, 419 F.3d at 534 (affirming the Board's summary determination that the notice of appeal was untimely where the attorney waited nearly two years to contact the Board regarding the status of the notice).  Here, there was no such lengthy delay: Federal Express received the notice of appeal on August 15, the notice should have been delivered on August 16, the filing deadline was August 17, the Board received the notice on August 23, and the Board rejected the notice as untimely on October 2.  Thus, neither *Malak* nor *Siby* is analogous to the case before this Court.

    While the Board may ultimately determine that the scenario presented by Salazar does not represent the type of extraordinary circumstances that may excuse Salazar's late notice of appeal, the Board must acknowledge its authority to consider such circumstances within the context of Salazar's motion for reconsideration and address those circumstances on the merits.  Such a determination is factual and, thus, more appropriate for the Board to consider in the first instance.  *See INS v. Orlando Ventura*, 537 U.S. 12, 17 (2002).

    Accordingly, the petition for review is granted and the case remanded for further proceedings in accordance with this opinion.