

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2008

# Yousef v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1838

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yousef v. Atty Gen USA" (2008). *2008 Decisions*. Paper 982.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/982

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1838

EMAN YOUSEF,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A47-148-032)
Immigration Judge: Honorable Henry S. Dogin

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2008

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed June 25, 2008)

OPINION

PER CURIAM

Eman Yousef, a native and citizen of Libya and former resident of Egypt, petitions

for review of a final order of the Board of Immigration Appeals ("BIA"). For the

following reasons, we will deny in part and dismiss in part the petition for review.

I.

Yousef entered the United States on July 2, 2001, as a conditional legal permanent resident ("LPR"). She received this status due to her 2001 marriage to Medat Ali, a United States citizen. Yousef and Ali began having marital problems soon after Yousef arrived in the United States, and in July 2002 she moved out of their home. In September 2002, Ali submitted an affidavit to the Immigration and Naturalization Services stating that Yousef told him during an argument that she only married him for a "green card." Yousef and Ali divorced in February 2003,[1] and in April 2003, Yousef applied to remove the conditions to her LPR status. The U.S. Citizenship and Immigration Services ("USCIS") denied the application on February 3, 2005, after finding that Yousef failed to establish that she entered into her marriage to Ali in good faith.

After obtaining counsel (Yasser Helal), Yousef sought review of the USCIS's decision at her October 14, 2005 removal proceeding. The Immigration Judge ("IJ") found that Yousef was not credible, ordered her removed, and denied her request for voluntary departure. Additionally, the IJ told Yousef and Helal that to appeal the removal decision they "must file the appeal on appropriate forms . . . to the Board of Immigration Appeals ["BIA"], Falls Church, Virginia by November 14, 2005."

Helal, however, mailed the notice of appeal to the Immigration Court rather than to the BIA. And on November 17, 2005, the Immigration Court returned the notice of

---

[1] Yousef remarried in December 2003 (to a non-citizen) and had her first child in late 2004.

appeal to Helal and instructed him to immediately send the documents to the BIA. The notification also cautioned that "[w]e cannot guarantee that extra time will be allowed to [you] simply because you made a mistake and sent your papers here." Helal then forwarded the notice of appeal to the BIA, where it arrived on November 23rd—nine days late. That same day, Helal also filed a motion to reopen the removal proceeding, asserting that the appeal's untimeliness should be excused because it was caused by a clerical error. On March 6, 2007, the BIA dismissed the appeal as untimely and declined to exercise its discretion to sua sponte reopen the proceedings, finding that a clerical error was not an exception to the 30-day statute of limitation.

We received Yousef's petition for review and motion for a stay of removal on March 21, 2007. We denied Yousef's motion for a stay of removal, and directed the parties to brief the issue of whether, due to the apparent untimeliness of Yousef's appeal to the BIA, we have jurisdiction to review the IJ's October 14, 2005 decision.

II.

For this Court to have jurisdiction to review a final administrative removal order, the petitioner must "exhaust all administrative remedies available to [her] as of right." 8 U.S.C. § 1252(d). We have held that "an alien's failure timely to appeal to the BIA . . . constitutes a failure to exhaust administrative remedies." Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2004). Here, Yousef was informed that she had until November 14, 2005, to file an appeal from the IJ's October 14, 2005 order of removal. See 8 C.F.R. § 1003.38(b). However, although the IJ specifically told Yousef and her attorney that

3

they had to appeal to the BIA, they sent the appeal to the Immigration Court, and the appeal was not filed with the BIA until November 23, 2005. The notice of appeal to the BIA was thus untimely. See 8 C.F.R. § 1003.38(b). Yousef has failed to exhaust her administrative remedies, and we lack the power to review the IJ's decision, see Bejar, 324 F.3d at 132.

### III.

We exercise jurisdiction over a petition for review pursuant to 8 U.S.C. § 1252(a)(1), and review a BIA's denial of a motion to reopen for abuse of discretion. Liu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). In her brief to this Court, Yousef focuses solely on the IJ's opinion. She does not challenge the BIA's decision to dismiss her appeal as untimely or its decision to deny her motion to reopen. She has therefore waived her only viable issues on appeal.[2] See Emerson v. Thiel College, 296 F.3d 184, 190 n.5 (3d Cir. 2002) ("Failure to set forth an issue in an appellate brief waives that issue on appeal.").

We nevertheless note that the BIA did not abuse its discretion in denying Yousef's motion to reopen, or in declining to excuse the appeal's untimeliness. For example, although it is unfortunate that a mistaken mailing would have such drastic consequences,

---

[2]    As the government argues, to the extent that Yousef's brief could be read to challenge the BIA's refusal to sua sponte reopen the proceedings, we are without jurisdiction to entertain that challenge. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retained unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this Court is without jurisdiction to review a decision declining to exercise such discretion.").

4

this is not the type of case that allows the BIA to excuse the 30-day statute of limitation. See BIA Practice Manual § 3(b)(iv) ("Delays caused by incorrect postage or mailing error by the sending party do not affect existing deadlines."); Holder v. Gonzales, 499 F.3d 825, 828-29 (8th Cir. 2007) (finding that the BIA did not abuse its discretion by dismissing appeal delivered one day late).

For these reasons, we will deny Yousef's petition for review.