NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0408n.06

Case No. 17-4162

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MIGUEL FERNANDEZ MORETA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, U.S. | ) | APPEALS |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

BEFORE: COOK, STRANCH, and NALBANDIAN, Circuit Judges.

COOK, Circuit Judge. Miguel Fernandez Moreta, a native and citizen of the Dominican Republic, seeks reversal of the Board of Immigration Appeals' (the "Board") denial of his motions to reopen and to reconsider his application for cancellation of removal. For the following reasons, we deny his petition.

**I.**

Since immigrating to the United States as a lawful permanent resident in 2002, Fernandez has lived in Michigan near his parents and three siblings. But he hasn't always conducted himself lawfully, having three times been convicted of possessing controlled substances. Following his last arrest, the Department of Homeland Security started removal proceedings against him. *See* 8 U.S.C. § 1227(a)(2)(B)(i). And though found eligible for removal, the Immigration Judge ("IJ") nevertheless granted Fernandez a discretionary cancellation of removal, citing "social and humane considerations" for keeping Fernandez's family together.

The Board saw it differently. After reweighing the equities of Fernandez's case, it vacated the IJ's grant of discretionary relief and ordered him removed. In its consideration, the Board acknowledged the length of Fernandez's lawful residency and his extensive family ties to the United States. It nevertheless decided that his criminal record and history of drug abuse outweighed those considerations. It also denied Fernandez's later motions for reconsideration and reopening. Those denials occasion this petition.

## II.

We review the Board's denial of either a motion to reconsider or to reopen for abuse of discretion, *Vasquez Salazar v. Mukasey*, 514 F.3d 643, 645 (6th Cir. 2008); *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005), looking for whether the Board "acts arbitrarily, irrationally or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003).

### A.    Motion to Reconsider

Fernandez first seeks review of the denial of his motion for reconsideration, alleging that the Board impermissibly made its own factual findings in denying him discretionary relief. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (providing that beyond taking administrative notice of certain facts, the Board "will not engage in factfinding in the course of deciding appeals."). When the Attorney General, acting through the Board, denies an alien's application for cancellation of removal, we lack jurisdiction to review discretionary aspects of the decision. 8 U.S.C. § 1252(a)(2)(B); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). We retain jurisdiction, however, to review

2

the decision's non-discretionary features, including "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Aburto-Rocha*, 535 F.3d at 502.

Although Fernandez contends that his appeal of these denials raises questions of law, we may assume that it does without deciding, and deny on the merits. *Djokic v. Sessions*, 683 F. App'x 385, 390 (6th Cir. 2017). And to the extent that Fernandez's claim presents a question of law, *see Hussam F. v. Sessions*, No. 17-3641, 2018 WL 3599146, at *10 (6th Cir. July 27, 2018) (published) (finding jurisdiction to review whether the Board engaged in impermissible fact finding), we assume for purposes of argument that we may review it. But even assuming jurisdiction, his claim nevertheless fails.

Fernandez maintains that the Board made its own findings concerning a warning he received from an Immigration and Customs Enforcement officer. Yet as we read the record, the Board's decision simply described Fernandez's testimony. It observed—as the IJ had found—that the officer warned him about the risk of deportation in the event of further criminal activity. In the absence of any evidence of impermissible fact-finding, this court is without a basis to criticize the decision, let alone find an abuse of discretion. *See Sova v. Holder*, 451 F. App'x 543, 547–48 (6th Cir. 2011) (holding that the Board did not impermissibly engage in fact-finding when it summarized letters in the record).

### B. Motion to Reopen

As for the denial of his motion to reopen, Fernandez targets the Board's refusal to allow him to present new evidence of his rehabilitation and the hardship that his removal imposes on his

family. A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). To the extent that the Board's ruling involves a nondiscretionary decision concerning whether the evidence presented was new and previously unavailable, we assume for purposes of argument that we have jurisdiction to review it. *See Ortiz-Cervantes v. Holder*, 596 F. App'x 429, 432–33 (6th Cir. 2015) (assuming *arguendo* that we had jurisdiction to review the Board's determination that the evidence was not new or formerly unavailable).

The Board determined that Fernandez failed to show that his proffered evidence—his substance-abuse counseling records and letters from his friends and family—could not have been discovered or presented earlier. Indeed, Fernandez's counseling records predate his February 2017 merits hearing, and he offered no sufficient explanation for why he could not have submitted those records beforehand. And although the letters from his friends and family confirm their support for Fernandez, they are not new material evidence. Given the cumulative nature of this evidence, the refusal to reopen the case fell comfortably within the Board's discretion.

**III.**

We DENY the petition for review.