# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2621
_____

Carlos Laureano-Martinez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 23, 2023
Filed: February 28, 2023
[Unpublished]
_____

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Mexican citizen Carlos Laureano-Martinez petitions for review of orders of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252(b)(2), this court denies the petition.

The BIA denied Laureano-Martinez's motion for an extension of time to file an administrative appellate brief and dismissed his appeal from the decision of an

immigration judge (IJ) denying him relief from removal. Laureano-Martinez argues that the BIA abused its discretion and deprived him of due process when it denied the motion for an extension. The record shows that Laureano-Martinez filed a timely notice of appeal with the BIA. Over seventeen months later, on January 4, 2021, his counsel received a briefing schedule dated December 15, 2020, indicating any administrative appellate brief was due by January 5, 2021. In a motion dated January 7 and received by the agency on January 11, counsel requested an extension of time to file an administrative appellate brief. The motion was denied as untimely. The BIA ultimately affirmed the decision of the IJ and dismissed Laureano-Martinez's appeal on the merits.

The BIA did not abuse its discretion in denying the motion for an extension. *See Zetino v. Holder*, 622 F.3d 1007, 1012-13 (9th Cir. 2010) (BIA's management of briefing schedule under 8 C.F.R. §1003.3(c)(1) is reviewed for abuse of discretion); *Holder v. Gonzales*, 499 F.3d 825, 828 (8th Cir. 2007) (BIA abuses its discretion if it issues a decision "without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or fails to consider all factors presented by the alien or distorts important aspects of the claim); 8 C.F.R. § 1003.3(c)(1) (upon written motion, BIA may extend period for filing brief for good cause shown); BIA Practice Manual Ch. 4.7(c)(2) (requests to extend briefing deadlines must be received by original due date; requests received after due date will be denied). In denying the motion, the BIA adhered to its own regulations and policies and explained in its denial order that the request was untimely.

Under the circumstances of this case, the court also concludes that the denial of the extension motion did not violate due process. *Cf. Holder*, 499 F.3d at 829 (in analyzing whether BIA violated due process rights, this court considers the "individual interest at stake; the risk of erroneous deprivation of the interest through the use of the procedure in question; the value of different or supplemental procedural safeguards; and the interest of the government in using the current procedures, considering the burdens and costs of implementing a different

procedure") (citations omitted). Existing procedures would have permitted counsel to file a timely motion for an extension, and even move the BIA to accept a late-filed brief, and there is nothing in the record to explain why such avenues were not pursued. *See* 8 C.F.R. § 1003.3(c)(1); BIA Practice Manual Chs. 4.7(c)(2), (d).

To the extent Laureano-Martinez also challenges the BIA's decision dismissing his appeal, we find no basis for reversal. *See Menjivar v. Gonzales*, 416 F.3d 918, 920 (8th Cir. 2005), as corrected (Sept. 21, 2005) (asylum requirements); *Guled v. Mukasey*, 515 F.3d 872, 881-82 (8th Cir. 2008) (noncitizen who does not meet standard for asylum cannot meet more rigorous clear probability standard for withholding of removal).

The petition is denied. *See* 8th Cir. R. 47B.

_____