NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5019

YLUMINADA MOJICA and JULIO ACEVEDO, as Legal
Representatives of JOSHUA ACEVEDO,

Petitioners-Appellants,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee.

Mindy Michaels Roth, Britcher, Leone & Roth, LLC, of Glen Rock, New Jersey, argued for petitioners-appellants.

Heather L. Pearlman, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Timothy P. Garren, Director, Vincent J. Matanoski, Acting Deputy Director, and Catharine E. Reeves, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Charles F. Lettow

NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2008-5019

YLUMINADA MOJICA and JULIO ACEVEDO,
as Legal Representatives of JOSHUA ACEVEDO,

Petitioners-Appellants,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent-Appellee.

Appeal from the United States Court of Federal Claims
in case 07-VV-501, Judge Charles F. Lettow.

_____

DECIDED:  July 18, 2008

_____

Before LINN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

Yluminada Mojica and Julio Acevedo ("petitioners"), as legal representatives for their son Joshua Acevedo, sought compensation under the National Vaccine Injury Compensation Program.  Respondent Secretary of Health and Human Services ("Secretary") moved to dismiss their case on the grounds that their claim is barred by the statute of limitations contained in 42 U.S.C. § 300aa-16(a)(2). The special master assigned to petitioners' case granted respondent's motion and the United States Court

of Federal Claims affirmed.  Mojica v. Sec'y of Health and Human Servs., 79 Fed. Cl. 633 (2007).  We affirm.

I

The relevant statute of limitations provides that no petition for compensation may be filed "after the expiration of 36 months after the date of the occurrence of the first symptom of onset or of the significant aggravation of such injury."  The Vaccine Act stipulates that "[a] proceeding for compensation . . . shall be initiated by service upon the Secretary and the filing of a petition . . . with the United States Court of Federal Claims."  42 U.S.C. § 300aa-11(a)(1) (2000).  We have held that the statute of limitations is not subject to equitable tolling.  Brice v. Sec'y of Health and Human Servs., 240 F.3d 1367, 1374 (Fed. Cir. 2001).  In other words, if a petition for relief is filed outside the mandatory time period, the petition must be dismissed, even though equitable reasons exist to excuse the delay in filing the petition.

II

In this case, it is undisputed that the petitioners filed their petition for relief with the Court of Federal Claims outside the 36 months allowed for filing by the statute of limitations.  Because of this fact, the special master dismissed the petition as "duty bound to apply the law, despite the harsh–untenable, really–result."  Acevedo v. Sec'y of Health and Human Servs., No. 07-501V, 2007 WL 2706159, at *5 (Fed. Cl. Spec. Mstr. Aug. 31, 2007).

On petitioners' motion for review in the Court of Federal Claims, the court stated that it "is obliged to treat Brice as correctly stating the law, such that there is no possibility of equitable tolling under the Vaccine Act even in the circumstances presented by this

case where counsel took reasonable steps to fulfill her obligation to file in time. This result is draconian but compelled by law." <u>Mojica</u>, 79 Fed. Cl. at 639.

III

As is the case with the special master and the Court of Federal Claims, this panel is obligated to follow the law of the circuit as expressed in <u>Brice</u>. Until overturned by the Supreme Court or an en banc decision of this court, <u>Brice</u> is good law. <u>Texas American Oil Co. v. United States Dep't of Energy</u>, 44 F.3d 1557, 1561 (Fed. Cir. 1995) (en banc) ("This court applies the rule that earlier decisions prevail unless overruled by the court en banc, or by other controlling authority such as intervening statutory change or Supreme Court decision."). Because it is not disputed that the petition for relief under the Vaccine Act in this case was filed outside the time provided by the statute of limitations, we must affirm.

COSTS

No costs.