FILED
United States Court of Appeals
Tenth Circuit

December 16, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY MANZANARES,

      Plaintiff - Appellant,

v.

CITY OF ALBUQUERQUE,

      Defendant - Appellee.

No. 10-2011

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 1:04-CV-00270-JAP-WDS)**

Dennis W. Montoya, Montoya Law, Inc., Rio Rancho, New Mexico, for Plaintiff - Appellant.

Robert M. White, City Attorney, and Kathryn Levy, Deputy City Attorney, City of Albuquerque Legal Department, Albuquerque, New Mexico, for Defendant - Appellee.

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

Danny Manzanares appeals the refusal of the district court to set aside a judgment dismissing his civil-rights claim against the City of Albuquerque. Mr. Manzanares's claim against the City was based on alleged misconduct by

Albuquerque police officer Sean Higdon. The district court dismissed the claim after judgment was entered in favor of Higdon in a separate suit by Mr. Manzanares against Higdon. Later, however, we reversed that judgment; and on retrial Mr. Manzanares was awarded compensatory and punitive damages against Higdon. Under Federal Rule of Civil Procedure 60(b)(5) a judgment can be set aside if it was "based on an earlier judgment that has been reversed." Nevertheless, the district court in this case denied Mr. Manzanares's Rule 60(b)(5) motion, stating that his claim was moot because "any potential recovery in this case would necessarily be duplicative" of the damage award against Higdon. Aplt. App. at 30. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[*]

## I.    BACKGROUND

On March 10, 2004, Mr. Manzanares brought suit against the City and John Doe alleging unlawful police actions on which he based a federal civil-rights claim under 42 U.S.C. § 1983 and false-arrest and false-imprisonment tort claims. According to the complaint, an unidentified police officer (John Doe) arrived at Mr. Manzanares's home on March 13, 2002, looking for a friend of his whom Doe suspected of sexual assault. Doe acted angrily and violently toward him and

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

handcuffed him after he refused to reveal the whereabouts of his friend. Mr. Manzanares later agreed to show investigators where the friend lived. Upon arrival at the friend's home, Mr. Manzanares was kept handcuffed in the back of a police cruiser for at least six hours. No charges were ever lodged against Mr. Manzanares or the friend.

The complaint also alleged that the City was liable for Doe's actions because it maintained an official or de facto policy of illegally arresting and detaining persons who were not suspected of crimes and it had failed to train and supervise Doe properly. The prayer for relief sought nominal and compensatory damages against the City.

Mr. Manzanares filed a related second suit on January 27, 2005, less than a year after the first suit was filed. It alleged the same events as the complaint against Doe and the City, except that the implicated officer was identified as Sean Higdon rather than John Doe. Higdon was the sole defendant. The district court stayed the present case pending the outcome of the Higdon suit.

On May 14, 2007, a jury found that Higdon had not violated Mr. Manzanares's constitutional rights and rendered a defense verdict on all claims. Two days later the district court sua sponte dismissed with prejudice the present case, stating that "it was apparent that Officer Higdon was the fictitious Doe named in the instant case" and that because the police officer was not liable, the City could not be liable. *Id.* at 20.

Mr. Manzanares did not appeal the ruling in this case but did appeal the verdict in the Higdon case. *See Manzanares v. Higdon*, 575 F.3d 1135, 1140 (10th Cir. 2009). We reversed the Higdon judgment, remanding with instructions to enter judgment as a matter of law for Mr. Manzanares on liability under the Fourth Amendment and to hold a new trial on damages. *See id.* at 1151. On December 11, 2009, a jury awarded Mr. Manzanares $50,384 in compensatory damages and $150,000 in punitive damages.

Three months earlier Mr. Manzanares, relying on the reversal of the Higdon judgment, had moved to set aside the judgment in this case. He acknowledged that the district court had ruled correctly in initially dismissing his claim, but he stated that relief was now appropriate under Rule 60(b)(5), which permits relief from a judgment "based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). After the verdict in favor of Mr. Manzanares at the second trial, the court denied the motion, stating:

> [T]he conduct and harm that served as the basis for Plaintiff's recovery of damages in [the Higdon case] is the same conduct and harm that Plaintiff alleges in this case. Thus, because Plaintiff does not allege damages independent of those for which he has already had a judgment entered in his favor, any potential recovery in this case would necessarily be duplicative, and therefore impermissible. Moreover, City of Albuquerque, the Defendant in this case, will be responsible for paying the Judgment entered in favor of Danny Manzanares against Sean Higdon. Accordingly, Plaintiff's motion[] to reopen this case [has] been rendered moot by the judgment entered in favor of Plaintiff in the companion case, and the Court finds that Plaintiff's [motion] to reopen this case should be denied on that basis.

Aplt. App. at 30–31 (citations omitted).

Mr. Manzanares appeals. He argues that he is "entitled to a judgment reflecting the City's own bad acts, based upon its unconstitutional policies and procedures, even if he is limited to nominal and/or injunctive/declaratory relief." Aplt. Br. at 6.

## II.    DISCUSSION

We review the denial of a Rule 60(b) motion for abuse of discretion. *See Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010). "The district court's ruling is only reviewed to determine if a definite, clear or unmistakeable error occurred." *Id.* (brackets and internal quotation marks omitted).

Rule 60(b)(5) states in part that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceedings for the following reasons: . . . it is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5).[1] For a judgment to be "based on an earlier judgment" it

---

[1] Rule 60(b) reads in its entirety:
**Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;

(continued...)

-5-

is not enough that the earlier judgment was relied on as precedent; rather it is necessary that "the present judgment [be] based on the prior judgment in the sense of res judicata or collateral estoppel." *Klein v. United States*, 880 F.2d 250, 258 n.10 (10th Cir. 1989); *see* 11 Charles Alan Wright et al., Federal Practice & Procedure § 2863 at 334–35 (2d ed. 1995). As explained by a fellow circuit court, "[C]laims once tried, decided on the merits, appealed, and closed should—with only a few exceptions—be considered forever settled as between parties. This imperative would consist of nothing more than empty rhetoric were courts compelled to re-litigate past cases whenever they glimpsed a material change in decisional law." *Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 26 (1st Cir. 2009) (citation and internal quotation marks omitted). "Cases in which one judgment is 'based' on another are not that frequent or obvious." 12 James Wm. Moore et al., Moore's Federal Practice § 60.46[1] (3d ed. 2010).

Nevertheless, Mr. Manzanares's motion comes within the purview of Rule 60(b)(5). The judgment in the current case was "based on" an earlier judgment that was reversed. The initial dismissal of this suit was required by the judgment against Mr. Manzanares in the Higdon case, because that judgment precluded him

---

[1](...continued)

(5)　the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)　any other reason that justifies relief.

from relitigating whether Higdon had violated his rights. When that judgment was later reversed, Rule 60(b)(5) relief became available.

The district court need not, however, set aside a judgment simply because it was based on a prior judgment that has later been reversed. "Rule 60(b) gives the court a grand reservoir of equitable power to do justice in a particular case." *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996) (internal quotation marks omitted); *see Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000) ("district court has substantial discretion to grant relief as justice requires" (internal quotation marks omitted)). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted).

In this case the question is whether setting aside the judgment against Mr. Manzanares is worth the candle. He has already been fully compensated for his injury (indeed, he has also received a punitive-damages award), and he has a judicial declaration that Officer Higdon (John Doe) violated his constitutional rights. Mr. Manzanares argues in this court that he should be permitted to seek injunctive and declaratory relief and an award of nominal damages against the City. But his complaint in this case, although praying for "such other and further relief as may be deemed just and equitable under the circumstances," Aplt. App. at 18, mentioned only nominal and compensatory damages explicitly, and his

Rule 60(b)(5) motion did not mention a desire for injunctive or declaratory relief. Therefore, the district court could properly limit its consideration to whether to vacate the judgment to permit litigation to recover damages; and we, too, confine our analysis to the claim for damages.

As Mr. Manzanares concedes on appeal, he would not be entitled to duplicative compensatory damages against the City because he received compensatory damages in the Higdon trial. Further, he is barred from claiming that the damage award in that trial was inadequate. *See* Restatement (Second) of Judgments § 50 cmt. d (1982) ("The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question."). That leaves for consideration only the availability of nominal damages in this context.

Under the common law, nominal damages may be "awarded to a litigant who has established a cause of action but *has not established that he is entitled to compensatory damages*." Restatement (Second) of Torts § 907 (1979) (emphasis added). And the common law generally governs damage awards under § 1983. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–06 (1986) (Section 1983 creates a "species of tort liability" and "[a]ccordingly, when § 1983

plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." (internal quotation marks omitted)).  Hence, courts often have declared that nominal damages are available in § 1983 cases when (and apparently only when) the plaintiff is unable to show actual injury.  *See, e.g.*, *id.* at 308 n.11 ("nominal damages . . . are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury"); *Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money."); *Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002) ("Nominal damages may be available in a § 1983 case if a plaintiff was deprived of an absolute right yet did not suffer an actual injury."); *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 453 (3d Cir. 2001) ("nominal damages may only be awarded in the absence of proof of actual injury"); *Westcott v. Crinklaw*, 133 F.3d 658, 661 (8th Cir. 1998) (nominal-damage instruction not appropriate when there was undisputed evidence that plaintiff suffered injury); *Stachniak v. Hayes*, 989 F.2d 914, 923 (7th Cir. 1993) ("An instruction on nominal damages is only appropriate to vindicate constitutional rights whose deprivation has not caused actual, provable injury." (brackets and internal quotation marks omitted)).  This authority implies that

Mr. Manzanares, who undisputably suffered an actual injury, is not entitled to nominal damages, so denial of his Rule 60(b)(5) motion would have been proper.

But none of the cited cases involved the precise situation here—where the plaintiff seeks nominal damages against a municipality under § 1983 after obtaining a judgment for compensatory damages against municipal employees. We have found only one published appellate opinion that addresses that fact pattern, and it favors Mr. Manzanares's position. In *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514 (9th Cir. 1999), the Ninth Circuit remanded for trial of a claim against the municipality (and possible recovery of nominal damages) after the plaintiff had already obtained a judgment for compensatory damages against the defendant police officer. *See id.* at 523–24. Although the opinion contained essentially no analysis of the issue, the result finds support in a Second Circuit opinion in a slightly different context. *In Amato v. City of Saratoga Springs*, 170 F.3d 311, 317–18 (2d Cir. 1999), the court held that a plaintiff is entitled to proceed against a municipality for only nominal damages, even after winning a judgment (for nominal and punitive damages) against the municipality's police officers. The opinion explained:

> The ability to promote an individual official's "scrupulous observance" of the Constitution is important. Perhaps even more important to society, however, is the ability to hold a municipality accountable where official policy or custom has resulted in the deprivation of constitutional rights. A judgment against a municipality not only holds that entity responsible for its actions and inactions, but also can encourage the municipality to reform the

-10-

patterns and practices that led to constitutional violations, as well as alert the municipality and its citizenry to the issue. In short, a finding against officers in their individual capacities does not serve all the purposes of, and is not the equivalent of, a judgment against the municipality.

*Id.* at 317–18. This language suggests that the purposes of § 1983 litigation support continued litigation against a municipality even if the plaintiff has been fully compensated for his injuries and can obtain only nominal damages from a second trial.

But other cases have expressed a contrary view, seeing no point in ordering a new trial in which the plaintiff could recover only nominal damages against a municipality after obtaining a judgment (for nominal damages) against municipal employees. The Ninth Circuit, in an opinion predating yet not cited by *Ruvalcaba*, held that it had been harmless error to dismiss a § 1983 claim against a city when the verdict on the plaintiff's claim against city police officers (which found a constitutional violation but no actual damages) had established that only nominal damages would be available. *See George v. City of Long Beach*, 973 F.2d 706, 709 (9th Cir. 1992).

More importantly, indeed dispositively, this circuit has adopted the same view as *George*. In *Lippoldt v. Cole*, 468 F.3d 1204 (10th Cir. 2006), the district court had ruled after a bench trial that city officials had violated plaintiffs' constitutional rights and awarded them nominal damages. *See id.* at 1211. Before trial the court had dismissed the claim against the city. *See id.* We held that the

dismissal, even if erroneous, was harmless error because at a trial on remand the plaintiffs could not obtain compensatory damages, an injunction, or declaratory relief; only nominal damages would be available. *See id.* at 1221–22. We saw little use to vindicating the plaintiffs' rights by a judgment against the city, stating that "since the district court declared that [city employees] acted unconstitutionally . . . , plaintiffs succeeded in putting the City on notice about its employees' conduct, even if the declaration did not directly apply to the City." *Id.* By labeling the dismissal of the city as "harmless error," *Lippoldt* informs us that even if dismissal had been error, justice did not require reversal. *See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.").

Following *Lippoldt*, we affirm the district court in this case. If, as *Lippoldt* teaches, justice did not require allowing Mr. Manzanares to proceed with a claim of nominal damages against the City, then it was surely within the discretion of the district court not to vacate its prior judgment. As pointed out by Judge Jacobs in his concurrence in *Amato*, if the case were reopened, the City could simply default and allow entry of judgment against it in the amount of one dollar. *See Amato*, 170 F.3d at 323 (Jacobs, J., concurring). Perhaps Mr. Manzanares would also be entitled to a (nominal) attorney fee; but little if any justice would be

accomplished.  Although the district court may not have been technically precise in describing the claim against the City as moot, its view of the matter was essentially sound.

## III.  CONCLUSION

We AFFIRM the district court's denial of Mr. Manzanares's Rule 60(b)(5) motion.