Yluminada MOJICA and Julio Acevedo, as legal representatives of Joshua Acevedo, Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.

No. 07–501V.

United States Court of Federal Claims.

Dec. 14, 2011.

Mindy Michaels Roth, Britcher, Leone & Roth, L.L.C., Glen Rock, New Jersey, for petitioner.

Heather L. Pearlman, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for respondent. With her on the brief were Tony West, Assistant Attorney General, Civil Division, and Mark W. Rogers, Acting Director, Vincent J. Matanoski, Acting Deputy Director, and Catherine E. Reeves, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER[1]

LETTOW, Judge.

Four years ago, this court affirmed a special master's decision dismissing a vaccine claim by petitioners because the claim was filed several days after the applicable statute of limitations had expired. *Mojica v. Secretary of Health & Human Servs.*, 79 Fed.Cl. 633 (2007), *aff'd*, 287 Fed.Appx. 103 (Fed.Cir. 2008), *cert. denied sub nom. Mojica v. Sebelius*, —— U.S. ——, 129 S.Ct. 2455, 174

---

1. The parties have waived the ordinarily applicable requirement in vaccine cases that a decision be withheld from public disclosure for fourteen days after issuance to permit time for redactions to be requested. *See* 42 U.S.C. § 300aa–12(d)(4)(B); Rules of the Court of Federal Claims ("RCFC") App. B ("Vaccine Rules"), ¶ 18(b).

L.Ed.2d 227 (2009). Petitioners' failure to meet the filing deadline was attributable to errors by Federal Express, which twice lost their petition while transporting it to the courthouse. Nonetheless, under the Federal Circuit precedent controlling at the time, the statute of limitations could not be tolled. *See Mojica,* 79 Fed.Cl. at 636–38 (citing *Brice v. Secretary of Health & Human Servs.,* 240 F.3d 1367 (Fed.Cir.2001)). That precedent has since been overturned by the Federal Circuit in an *en banc* decision, *see Cloer v. Secretary of Health & Human Servs.,* 654 F.3d 1322, 1340–44 (Fed.Cir.2011) (overruling *Brice* ), and petitioners now seek relief from the previous judgment under RCFC 60(b).[2]

## BACKGROUND

In their original petition, Ms. Mojica and Mr. Acevedo alleged that on June 28, 2004, their son, Joshua Acevedo, received a routine DTaP vaccination and a routine Prevnar vaccination. Pet. ¶ 18. Within a few hours, Joshua displayed symptoms ranging from fever to "intermittent startling attacks." Pet. ¶ 19–21. He was hospitalized for four days and prescribed a variety of drugs to counteract his seizures. Pet. ¶ 22–25. After subsequent visits, his doctors noted various developmental delays. Pet. ¶¶ 36, 47, 54.

Petitioners were referred to attorney Mindy Michaels Roth. Aff. of Mindy Michaels Roth (June 25, 2007) ("First Roth Aff.") ¶ 4. Ms. Roth worked with them to prepare a petition for compensation through the National Vaccine Injury Compensation Program. *Id.* Under the program's statute of limitations, such petitions must be filed within 36 months after the first cognizable symptom. *See* 42 U.S.C. § 300aa–16(a)(2). Consequently, petitioners' vaccine claim was due by June 28, 2007. Ms. Roth's efforts were hindered by difficulties in acquiring certain medical records and Ms. Mojica's own medical issues, which prevented her and Mr. Acevedo from coming into the office to sign affidavits. First Roth Aff. ¶¶ 5–6, 9. Aware of the impending deadline imposed by the statute of limitations, Ms. Roth resolved to submit a petition that might have to be amended later. *Id.* ¶ 10.

On June 25, 2007, Ms. Roth tendered the petition to Federal Express for overnight delivery to the Court of Federal Claims. *See* Aff. of Mindy Michaels Roth (June 29, 2007) ("Second Roth Aff.") ¶ 2, Exs. A, B. The courier service asserted that the petition would arrive at the courthouse on the morning of June 26, 2007, two days before the statute of limitations would run. *Id.* ¶ 4, Ex. B. However, Federal Express lost track of the package in its Newark, New Jersey, sorting facility on the evening of June 25, 2007. *Id.* Ex. B. The shipping company informed Ms. Roth that the petition was lost, but by a facsimile sent on June 29, 2007—one day after the limitations period ended. *Id.* Federal Express did not locate the errant petition until some days later, finally delivering it on July 13, 2007.

Upon learning of the shipping error, Ms. Roth immediately sent out another copy of the petition, again using the overnight delivery service of Federal Express. Aff. of Mindy Michaels Roth (July 20, 2007) ("Third Roth Aff.") ¶ 7. In a truly astounding turn of events, Federal Express lost track of this package as well. *Id.* ¶¶ 8–9, Ex. I. It did not deliver the second petition until July 3, 2007.

The clerk of the court processed this second petition as a new case with a filing date of July 3, 2007. Shortly thereafter, the government moved to dismiss the petition as untimely. The assigned special master determined that the petition was filed after the limitations period and ruled that he could not apply the doctrine of equitable tolling. *Acevedo v. Secretary of Health & Human Servs.,* No. 07–501V, 2007 WL 2706159, at *4–5 (Fed.Cl. Aug. 31, 2007). He relied upon the Federal Circuit's holding in *Brice,* which had held that equitable tolling is not available for claims arising under the Vaccine Act. *Id.* Consequently, the special master concluded that the statute of limitations in 42 U.S.C. § 300aa–16(a)(2) barred consideration of the petition. *Id.* at *4. He commented that the outcome was "harsh—untenable, really," *id.*

---

2. Because the petition had been previously assigned to the court for review, the motion under RCFC 60 was referred to the court rather than to the special master. *See* Vaccine Rules ¶ 36(a)(1).

at *5—but considered that he was constrained by the "complete and inflexible" nature of the "Federal Circuit's prohibition of the doctrine of equitable tolling in [vaccine] cases," *id.* at *4.

Petitioners sought review of the special master's decision in this court. In a decision issued November 28, 2007, the court held that the special master had properly dismissed petitioners' case. *Mojica,* 79 Fed.Cl. 633. Although the court concluded that the petitioners had taken "reasonable steps" to ensure the timely delivery of their vaccine petition, *id.* at 637–38, this fact was unavailing in the face of the Federal Circuit's holding in *Brice,* which "categorically bar[red] equitable tolling in all cases involving late petitions under the Vaccine Act." *Id.* at 638 (citing *Brice,* 240 F.3d at 1374). The court stated that the result was "draconian but compelled by law." *Id.* at 639.

Petitioners appealed to the Federal Circuit without success, *see Mojica,* 287 Fed.Appx. 103, *reh'g en banc denied,* (Fed.Cir.2008), and then sought the grant of a writ of certiorari by the Supreme Court, also without success, *see Mojica,* — U.S. —, 129 S.Ct. 2455.

Two years after the Supreme Court denied petitioners' plea for review, the Federal Circuit sitting *en banc* issued its decision in *Cloer,* 654 F.3d 1322, "overrul[ing] *Brice* and hold[ing] that equitable tolling applies to the Vaccine Act," *id.* at 1340. The court of appeals observed generally that tolling would be available where "a litigant ... diligently pursued his rights, but ... 'some extraordinary circumstance stood in his way.'" *Id.* at 1344 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Armed with the opinion from *Cloer,* petitioners have returned to this court seeking to vacate the judgment entered in this case. Although they have filed a motion under RCFC 60(b)(5) and 60(b)(6), their argument is essentially the same under both subdivisions of the Rule, *i.e.,* that the court should reopen the case because of the intervening change in law announced in *Cloer* coupled with the unusual circumstances attendant to the untimely delivery of their petition.

## STANDARDS FOR DECISION

Under RCFC 60(b), "the court may relieve a party ... from a final judgment" for reasons that include, among other things, circumstances in which "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

■ As with other equitable remedies, the trial court must exercise sound discretion in "balanc[ing] ... all of the factors arising in a Rule 60(b) motion." *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.,* 977 F.2d 558, 562 (Fed.Cir.1992) (citing *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania,* 755 F.2d 38, 41 (3d Cir.1985); *CTS Corp. v. Piher Int'l Corp.,* 727 F.2d 1550, 1555 (Fed. Cir.1984)).[3] "Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice,'" *Patton v. Secretary of Health & Human Servs.,* 25 F.3d 1021, 1030 (Fed.Cir. 1994) (quoting James Wm. Moore, 7 *Moore's Federal Practice* ¶¶ 60.18[8], 60.19 (2d ed. 1993)), but, to preserve finality of judgments, relief under RCFC 60(b) should not be granted lightly. *TDM Am., LLC v. United States,* 100 Fed.Cl. 485, 490 (2011) (citing *Sioux Tribe of Indians v. United States,* 14 Cl.Ct. 94, 101 (1987), *aff'd,* 862 F.2d 275 (Fed.Cir. 1988)).

## ANALYSIS

### I. Relief from Final Judgment Under RCFC 60(b)(5)

■ Petitioners first ask that their motion for relief from judgment be granted under

---

**3.** *W.L. Gore* and numerous other cases cited in this opinion interpret Fed.R.Civ.P. 60(b). That rule is identical to RCFC 60(b), except that the former uses the word "Rule" where the latter employs the acronym "RCFC." The court may apply interpretations of the federal rule by analogy. *See, e.g., Wheeler v. United States,* 11 F.3d 156, 157 n. 1 (Fed.Cir.1993); *Sikorsky Aircraft Corp. v. United States,* 102 Fed.Cl. 38, 59 n. 24 (2011); *Estate of Rubinstein v. United States,* 96 Fed.Cl. 640, 645 n. 3 (2011).

RCFC 60(b)(5). *See* Pet'r's Mem. of Law in Support of Rule 60(b) Mot. for Relief from Judgment ("Pet'r's Mem.") at 1. Under this provision, a court may relieve a party from a final judgment when, among other things, that judgment "is based on an earlier judgment that has been reversed." RCFC 60(b)(5). Petitioners contend that they qualify for relief under this portion of the Rule because (1) the prior judgment was based on the holding in *Brice*, and (2) that holding was overturned by *Cloer*. Pet'r's Mem. at 9. The government does not dispute either of these premises, but denies that an intervening change in law warrants relief under RCFC 60(b)(5). Resp't's Mem. in Resp. to Pet'r's Mot. for Relief from Judgment ("Resp't's Mem.") at 3, 6.

Under the portion of RCFC 60(b)(5) upon which petitioners rely, courts cannot vacate a judgment simply because it relies on a precedent that has been overturned; rather, "it is necessary that the present judgment [be] based on the prior judgment in the sense of res judicata or collateral estoppel." *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1240 (10th Cir.2010) (alteration in original) (internal quotation marks omitted) (quoting *Klein v. United States*, 880 F.2d 250, 258 n. 10 (10th Cir.1989)); *see, e.g., California Med. Ass'n v. Shalala*, 207 F.3d 575, 578 (9th Cir.2000) (citing *Tomlin v. McDaniel*, 865 F.2d 209, 211 (9th Cir.1989), *abrogated on other grounds by Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), *as recognized in Phelps v. Alameida*, 569 F.3d 1120 (9th Cir.2009)); *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993); Joseph T. McLaughlin & Thomas D. Rowe, Jr., 12 *Moore's Federal Practice* § 60.46[1]-[2] (3d ed. 2011).

In this instance, *Brice* served as the governing precedent for the judgment, but not on the basis of res judicata or collateral estoppel. *Brice* and this case were not

"somehow part of the same proceeding," *Matos v. Secretary of Health & Human Servs.*, 30 Fed.Cl. 223, 225 (1993) (citing *Tomlin*, 865 F.2d at 211), nor were they otherwise so intimately intertwined as to fall within the scope of RCFC 60(b)(5).[4] Consequently, this court cannot grant relief to petitioners under RCFC 60(b)(5).

## II. Relief from Final Judgment Under RCFC 60(b)(6)

Petitioners next ask that the court grant their motion under RCFC 60(b)(6). Pet'r's Mem. at 1; Pet'r's Reply at 4. This provision allows a court to vacate a judgment for "any other reason that justifies relief." RCFC 60(b)(6). Petitioners argue that the overturning of *Brice*, combined with the extraordinary facts surrounding the late delivery of their petition, merits setting aside the original judgment. Pet'r's Reply at 2. The government contends that petitioners have not made a sufficient showing of extraordinary circumstances to warrant relief under RCFC 60(b)(6). Resp't's Mem. at 7–8.

■ RCFC 60(b)(6) confers upon the court discretion to grant relief when "appropriate to accomplish justice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir.2004) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986)). Courts have "referred to [this provision] as a 'grand reservoir of equitable power to do justice in a particular case.'" *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir.2006) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir.1990)). This reservoir, while perhaps "grand," is not unlimited; RCFC 60(b)(6) does not grant "unfettered discretion" to vacate a judgment. *Infiniti Info. Solutions, LLC v. United States*, 93 Fed.Cl. 699, 704 (Fed.Cl.2010). The Supreme Court has repeatedly held that such relief is limited to "extraordinary circumstances." *E.g., Liljeberg v. Health Servs. Acquisition Corp.*, 486

---

4. Petitioners rely on *Agostini v. Felton*, 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997), to argue that this court "may recognize subsequent changes in either statutory or decisional law" in considering a motion under RCFC 60(b)(5). Pet'r's Reply Br. in Support of Pet'r's Rule 60(b) Mot. ("Pet'r's Reply") at 3 (quoting *Agostini*, 521 U.S. at 215, 117 S.Ct. 1997). This effort is misplaced. The Supreme Court expressly limited its holding in *Agostini* to cases in which the petitioner sought prospective relief. *Agostini*, 521 U.S. at 239, 117 S.Ct. 1997 ("Our decision will have no effect [unless] the propriety of continuing prospective relief is at issue."). Continuing prospective relief is not at issue in the present case.

U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (citing *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

Of particular relevance to this case, the Supreme Court has observed that "[i]ntervening developments in the law *by themselves* rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini*, 521 U.S. at 239, 117 S.Ct. 1997 (emphasis added). Thus, a movant may base a motion under Rule 60(b)(6) on a subsequent change in decisional law, but a court will require him also to show additional facts that distinguish his situation as exceptional. *See Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001) ("[C]ourts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief.").

■ Petitioners argue that the circumstances involving the delayed delivery of their petition are sufficiently extreme and unusual to qualify as "extraordinary." Pet'r's Reply at 7. In this respect, the court previously had concluded that petitioners and their counsel had made "diligent efforts" and took "reasonable steps" to file their vaccine claim on time. *Mojica*, 79 Fed.Cl. at 634,

638. Despite these measures, the petition arrived late because of shipping errors by a "[w]ell-established and well-known" courier with a strong record of "guaranteed" on-time delivery. *Acevedo*, 2007 WL 2706159, at *2. The factual underpinnings of petitioners' request for equitable relief have been apparent from the outset. *See Mojica*, 79 Fed.Cl. at 634 (attributing petitioners' plight to "a series of extraordinary mishaps by a courier service"); *Acevedo*, 2007 WL 2706159, at *5 (describing the application of *Brice* to the petitioners' peculiar facts as "untenable").

Decisions by the Second, Sixth, Eighth, Ninth, and Eleventh Circuits have recognized that "the failure of [a commercial overnight delivery service] to achieve timely filing may well, indeed, fall within the realm of the 'extraordinary' if not the 'unique.'" *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 111 (2d Cir.2005); *see Vasquez Salazar v. Mukasey*, 514 F.3d 643, 645 (6th Cir.2008); *Oh v. Gonzales*, 406 F.3d 611, 613 (9th Cir. 2005) ("On its face, [petitioner]'s use of [an] overnight delivery service[ ] ... would appear to qualify her for relief from late filing as a unique or rare circumstance.").[5] Correlatively, *Anssari–Gharachedaghy v. Immigration & Naturalization Serv.*, 246 F.3d 512 (6th Cir.2000), notes that while delays in regular mail service are not unusual, delays

---

5. These decisions dealt with late appeals to the Bureau of Immigration Appeals ("BIA"). In each case, the BIA received the petitioner's appeal one or more days late, despite the petitioner's use of a reputable overnight delivery service. *E.g., Sun*, 421 F.3d at 106. The BIA cannot hear tardy appeals except in "unique or extraordinary circumstances." *Id.* at 108. In these cases, the courts did not actually instruct the BIA to regard these circumstances as extraordinary; however, the courts did regard the petitioner's situation as sufficiently unusual that the BIA erred in failing to consider whether the "unique or extraordinary circumstances" exception applied. *Id.* at 111.

These opinions were issued during a time when the jurisprudence on claims-processing rules and jurisdictional limitations was in a state of flux. Consequently, it was uncertain whether equitable tolling could apply in situations such as *Sun*. The Supreme Court has since clarified the issue in a series of decisions. *See Henderson ex rel. Henderson v. Shinseki*, —— U.S. ——, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) (holding that the 120–day deadline on filing appeals to the

Court of Appeals for Veterans Claims is not jurisdictional); *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (holding that time limits for a defendant's motion for a new trial on certain grounds are not jurisdictional and may be waived or forfeited); *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (holding that a timely but incomplete application for attorney's fees and expenses can be amended to cure an omission); *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (concluding that a time limit for a creditor to object to discharge of a debtor in a Chapter 7 bankruptcy is forfeited if the debtor does not raise the timeliness issue before the bankruptcy court reaches the merits of the creditor's objection); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (addressing timeliness of challenges to required elements for class actions). Guided by those precedents, other courts have applied the *Sun* line of cases and found that the BIA's time limits for appeal were claim-processing rules and not jurisdictional boundaries. *See generally Irigoyen–Briones v. Holder*, 644 F.3d 943, 948–49 (9th Cir.2011).

in commercial overnight delivery would be extraordinary. *Id.* at 515 (citing *Talamantes–Penalver v. Immigration & Naturalization Serv.*, 51 F.3d 133, 136 (8th Cir. 1995)); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir.1999) (same).

In other respects also, petitioners' case shares salient characteristics with cases in which extraordinary circumstances have been found. First, *Cloer*'s reading of the statute of limitations to allow tolling is "beyond any question inconsistent with [the] earlier decision" in this case, which had relied completely on the now-overruled *Brice*. *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 90 (2d Cir.1996) (Winter, J.) (taking into account a direct inconsistency in deciding to recall a mandate); *see also Pichardo*, 374 F.3d at 56 (granting relief under Fed.R.Civ.P. 60(b)(6) in light of, among other things, "dramatic changes to governing law"); *cf. GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 374–75 (6th Cir.2007) (rejecting relief under Fed.R.Civ.P. 60(b)(6) where no precedent contrary to a recent Supreme Court ruling had existed in the circuit). Second, the overturned precedent in *Brice* had deprived petitioners of a full hearing on the merits of their case. *See Scott v. Gardner*, 344 F.Supp.2d 421, 427 (S.D.N.Y.2004) (granting a 60(b)(6) motion where "the merits of [the plaintiff]'s allegations ... were not reached"); *cf. Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. Unit A Jan.1981) (reversing a trial court's denial of relief under Fed. R Civ. P. 60(b) where a judgment had been entered that bore many indicia of a default). Third, the government has advanced no real reliance interest in the judgment in *Mojica. See Shoshone–Bannock Tribes of the Fort Hall Reservation v. Leavitt*, 408 F.Supp.2d 1073 (D.Or.2005) (granting 60(b)(6) relief where defendants failed to "identify [any] pressing finality concerns"); *cf. Blue Diamond*, 249 F.3d at 528 (reversing a trial court's decision to grant postjudgment relief under Fed. R.Civ.P. 60(B)(6) where "the interest in finality [wa]s undisputed"). Fourth, petitioners have diligently pursued every available avenue of appeal, to include seeking a writ of certiorari from the Supreme Court. *See*

*Gonzalez*, 545 U.S. at 537, 125 S.Ct. 2641 ("The change in the law worked by [a subsequent decision] is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review."); *see also Ackermann*, 340 U.S. at 197, 71 S.Ct. 209 (denying a 60(b)(6) motion where petitioner could not show that "his failure to appeal was justifiable"). And fifth, although several years have passed since this court's prior decision, the time elapsed between the Supreme Court's denial of certiorari in this case and the ruling in *Cloer* has been moderate in length, and thus the "lapse in time" has not been so substantial as to bar relief. *Compare Sargent*, 75 F.3d at 90 (relief granted where interval was at most four and one-half months); *with Kennedy v. Secretary of Health & Human Servs.*, 99 Fed.Cl. 535, 552 (2011) (seventeen-year lapse in time too great to permit relief under RCFC 60(b)(6)).

A motion for relief under RCFC 60(b)(6) requires a court to balance "the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Blue Diamond*, 249 F.3d at 529 (quoting *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984) (emphasis omitted)). Upon weighing petitioners' circumstances, the court concludes that the prior judgment should be vacated and the original petition reinstated. Petitioners' situation is extraordinary: they were denied their day in court through no fault of their own, but rather because of mistakes made by a courier service upon which courts and attorneys routinely rely. The court originally regarded its judgment as "draconian but compelled by law." *Mojica*, 79 Fed.Cl. at 639. With the overruling of *Brice*, that judgment is now merely draconian. The interests of justice counsel that the judgment be vacated in light of *Cloer*. As *Cloer* itself observed, equitable tolling is available where a claimant had diligently pursued his or her rights, but an "extraordinary circumstance" had barred successful invocation of those rights. 654 F.3d at 1344 (quoting *Pace*, 544 U.S. at 418, 125 S.Ct. 1807). That is this case.[6]

---

**6.** Analogously, prior to *Brice,* this court had ap-

plied equitable tolling to allow the late filing of a

## CONCLUSION

Petitioners' motion for relief from judgment pursuant to RCFC 60(b)(6) is GRANTED. The prior judgment is VACATED and petitioners' petition is REINSTATED.

It is so ORDERED.

motion for review of a special master's decision, which motion had arrived after the thirty-day deadline for submission of such motions. *See Raspberry v. Secretary of Health & Human Servs.,* 32 Fed.Cl. 777 (1995); *cf. Decker v. Secretary of Health & Human Servs.,* 51 Fed.Cl. 288, 293–96 (2001) (concluding that *Brice* had implicitly abrogated *Raspberry* ), *appeal dismissed,* 38 Fed.Appx. 588 (Fed.Cir.2002).